NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3299

CLIFF W. COSEN,

Petitioner,

v.

DEPARTMENT OF THE ARMY,

Respondent.

Cliff W. Cosen, of Jacksonville, Arkansas, pro se.

Michael D. Austin, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Jeanne E. Davidson, Director, and Deborah A. Bynum, Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3299

CLIFF W. COSEN,

Petitioner,

v.

DEPARTMENT OF THE ARMY,

Respondent.

Petition for review of the Merit Systems Protection Board in DA0752070018-I-1.

_____

DECIDED: February 15, 2008
_____

Before NEWMAN, <u>Circuit Judge</u>, ARCHER, <u>Senior Circuit Judge</u>, and GAJARSA, <u>Circuit Judge</u>.

PER CURIAM.

Mr. Cliff W. Cosen seeks review of the decision of the Merit Systems Protection Board, sustaining the action of the Department of the Army in removing him from the position of Security Guard for the offense of physically assaulting a colleague at the

workplace.[1]  Mr. Cosen states that the Board overlooked certain factual and evidentiary issues and did not correctly apply the agency's Table of Penalties.  The Board's decision is affirmed.

## DISCUSSION

This court may overturn a decision of the Board only when it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation; or (3) unsupported by substantial evidence.  See 5 U.S.C. §7703(c); Cheeseman v. Office of Personnel Mgmt., 791 F.2d 138, 140 (Fed. Cir. 1986).

Mr. Cosen began employment as a Security Guard at the Pine Bluff Arsenal in Pine Bluff, Arkansas in February 2002.  He had a satisfactory work performance record until he was charged with assaulting Officer Tammy Y. Scott, an incident that the several witnesses stated lasted for about a minute.  Officer Scott was not injured, and Mr. Cosen later apologized.  The agency, removed Mr. Cosen from employment.

Mr. Cosen advances two issues on appeal: (1) the Board failed to consider all relevant evidence in sustaining the charge of assault; and (2) the penalty of removal is arbitrary because it is excessively harsh under the Douglas factors and the penalty of removal exceeds the discipline permissible under the agency's Table of Penalties.  The Army responds that the Board's conclusion, sustaining the agency action, is supported by substantial evidence, and that the penalty of removal accords with the Army's announced "zero tolerance" for workplace violence.

---

[1]      Cosen v. Dep't of the Army, No. DA-0752070018-I-1 (M.S.P.B. June 7, 2007).

At the hearing before the administrative judge (AJ), and in his briefs on this appeal, Mr. Cosen states that Officer Scott was the cause of his behavior, because she had phoned his home in order to create trouble in his marriage, and that he responded in anger, although he later apologized. He states that the charge of violence is overstated because his hands only touched Officer Scott's collar, and that the entire incident was extremely brief. He states that Officer Scott was armed with two firearms, that she did not react as if threatened, and that eyewitnesses testified that they did not consider the event to be serious misconduct.

He states that the penalty of removal significantly exceeds that set in the agency's Table of Penalties, which lists the penalty for a first offense of "[h]itting, pushing or other acts against another without causing injury" as " [w]ritten reprimand to 30-day suspension." Mr. Cosen stresses that this was his first and only employment misconduct and that he had a satisfactory work performance record. Mr. Cosen argues that the Board should have mitigated his removal to a 60-day suspension at most, for the conditions are comparable to those of Faucher v. United States Postal Service, 41 M.S.P.R. 336 (1989), where the Board stated:

> The Board has found that mitigation of a removal to a 60-day suspension may be appropriate in a charge of physical assault on a co-worker where (1) no serious injury results; (2) no weapons are used; (3) the employee has a history of satisfactory performance; (4) the agency does not rely upon a prior disciplinary record in selecting the penalty; and (5) there is an element of provocation present.

Id. at 339 (citations omitted).

The Army argues that unlike the employee in Faucher, Mr. Cosen was the aggressor and there was no element of provocation. The Army states that Faucher leaves room for

agency discretion, and that the agency has discretion to exceed its Table of Penalties, in its sole judgment. The Army argues that the Board, and especially the court, should defer to the agency's choice of disciplinary action. The AJ referred to the testimony of from Mr. Donald Police, Director of Law Enforcement Security at the Pine Bluff Arsenal, who stressed that Mr. Cosen's position was that of Security Guard, and that this violent action, although brief and without causing injury, had permanently undermined the agency's confidence in his ability to exercise sound judgment and control in emergency situations. Mr. Police pointed out that Mr. Cosen was well aware of the agency's zero-tolerance policy against workplace violence, and that all employees had received a memorandum notice stating that "removal for a first offense" is possible for a violent offense or a threat of violence at the workplace. Mr. Police testified that removal is consistent with the agency's penalties imposed for similar offenses, even if the Table of Penalties was exceeded.

The AJ acknowledged Mr. Cosen's "positive past performance, his apology and the isolated nature of his misconduct," but nevertheless found that "the seriousness of his misconduct militates against mitigation." The AJ concluded that separation from the service was warranted in light particularly of the agency's zero-tolerance policy and the special responsibilities of security guards in emergency situations. Recognizing that the Table of Penalties was exceeded, the Board sustained the discretion of the agency in employment decisions that depend on particular facts.

In Gonzales v. Defense Logistics Agency, 772 F.2d 887 (Fed. Cir. 1985) this court analyzed its deferential role in reviewing an employing agency's choice of penalty:

> [T]he court will not disturb a penalty unless it exceeds the range of permissible punishment or is "so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion." Penalty decisions

are judgment calls best left to the discretion of the employing agency.  The presumption is that government officials have acted in good faith.

Id. at 889 (citations omitted).  The penalty imposed on Mr. Cosen on its face "exceeds the range of punishment stated, in the agency's Table of Penalties."  When the agency has exceeded the maximum penalty in its Table of Penalties, the burden is on the agency to demonstrate supportable reason for exceeding that maximum.  The agency met that burden in the testimony of Mr. Police concerning the requirements of the position of Security Guard at the Arsenal, and the evidence upon which the AJ found that the attack was unprovoked.  We conclude that the Board's decision must be sustained.

No costs.